**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ELIAS JACKSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VINCENT ADLER,**<br><br>**Defendant.** | **Case No. 26-CV-00749-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Dismiss (Doc. 10) filed by Defendant Deputy Vincent Adler. Plaintiff Elias Jackson filed a Response (Doc. 16). Having been fully informed of the issues presented, Deputy Adler's Motion to Dismiss (Doc. 10) is **DENIED**.

## RELEVANT FACTS[1]

On February 19, 2024, Plaintiff Elias Jackson was driving home when Defendant Deputy Vincent Adler stopped his vehicle under the false pretext that Jackson had a broken taillight. (Doc. 1, ¶¶ 4–5). Deputy Adler, who had previously arrested Jackson on "spurious" charges, approached Jackson's driver's side window and demanded that he exit the vehicle. (*Id.*, ¶ 6). Jackson presented his driver's license and refused to exit his vehicle. (*Id.*, ¶ 7). Deputy Adler shattered Jackson's

[1] The Court recites the facts in the light most favorable to the Plaintiff, taking all allegations in the Complaint as true. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

window, forcibly removed him from the vehicle, arrested him, and instituted or caused criminal charges to be instituted against him. (*Id.*, ¶ 8). Those charges were dismissed on February 21, 2025. (*Id.*, ¶ 12).

Jackson claims that there was no probable cause to shatter Jackson's window or for the criminal charges. (*Id.*, ¶¶ 8–9). He further claims that Deputy Adler's conduct was the result of malice towards him and was based on based on overt racial prejudice and discrimination. (*Id.*, ¶¶ 10, 13).

On May 28, 2026, Jackson filed the instant lawsuit, alleging one Count of malicious prosecution pursuant to 42 U.S.C. § 1983. (*Id.*, ¶¶ 13–14).

## ANALYSIS

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012). To survive dismissal, the complaint must contain enough factual matter to state a claim that is plausible on its face and give the defendant fair notice of the claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the Court accepts well-pleaded factual allegations as true, bare assertions and legal conclusions are not enough to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

"To state a claim for malicious prosecution under section 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th

Cir. 1998) (quoting *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996)). "To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Sneed*., 146 F.3d. at 480–81 (quoting *Reed*, 77 F.3d at 1051).

Deputy Adler argues that the Complaint should be dismissed because (1) Jackson being indicted for resisting and obstructing a peace officer serves as *prima facia* evidence that Deputy Adler had probable cause, and (2) the claims are barred by the statute of limitations.[2] (Doc. 10).

First, although an indictment is *prima facia* evidence of probable cause under Illinois law, *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 863 (7th Cir. 2010) (citing *Bontkowski v. United States,* 28 F.3d 36, 37 (7th Cir.1994)), at the motion to dismiss stage, this Court takes "all well-pleaded factual allegations as true and drawing all reasonable inferences in the plaintiff's favor," *Ambassador Animal Hosp., Ltd. v. Elanco Animal Health Inc.*, 74 F.4th 829, 831 (7th Cir. 2023) (citing *Rock River Health Care, LLC v. Eagleson*, 14 F.4th 768, 772 (7th Cir. 2021)). Here, Jackson pled that he was pulled over for a broken taillight when he did not have a broken taillight, and that illegal stop was the basis for the subsequent exit order. (Doc. 1, ¶¶ 4–6).

[2] In a single paragraph in his statute of limitation argument section, Deputy Adler mentions that whether a § 1983 malicious prosecution claim based on due process exists is "very much up in the air," and that there is an unmet pleading requirement for a § 1983 malicious prosecution claim based on the Fourth Amendment. (Doc. 10, pp. 5–6). This ambiguous briefing is insufficient to raise this issue. *Accord Graham v. AT&T Mobility, LLC*, 247 F. App'x 26, 29 n.2 (7th Cir. 2007) ("It is not the duty of this court to scour the record to compensate for inadequate briefing or to make a party's argument, particularly when the party is represented by counsel as in this case.").

Deputy Adler does not argue that these facts, if true, are insufficient to establish that there was no probable cause for the resisting or obstructing a peace officer charge. (*See* Doc. 10); *see also People v. Sadder-Bey*, 228 N.E.3d 253, 258–59 (Ill. App. Ct. 2023) (citations omitted) ("To convict a defendant of resisting or obstructing a peace officer, the State must prove that the defendant resisted or obstructed someone he knew was a peace officer and that this obstruction or resistance actually impeded or hindered the officer from conducting an act that he or she was authorized to perform.").

Second, Jackson timely-filed his case within the applicable two-year statute of limitations for his § 1983 malicious prosecution claim.[3] For § 1983 claims, federal courts borrow the applicable state's personal injury statute of limitations, *McDonough v. Smith*, 588 U.S. 109, 115 (2019), which is two years in Illinois, 735 ILCS 5/13–202. Because § 1983 malicious prosecution claims do not accrue until the underlying criminal proceedings are terminated, *see Thompson v. Clark*, 596 U.S. 36, 44–45 (2022),[4] and this action was filed within two years of February 21, 2025, (Doc. 1), the date that the underlying criminal action was terminated here, this action was timely-filed.

[3] Deputy Adler argues that many types of claims that Jackson did not raise in his Complaint would be barred by statutes of limitations. (*See* Doc. 10). Because Jackson brings only a § 1983 malicious prosecution claim, (*see* Doc. 1), the statutes of limitations for all other claims are irrelevant to this decision.

[4] *Accord Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004) (citation omitted) ("A cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor.").

## CONCLUSION

For the reasons set forth above, Deputy Vincent Adler's Motion to Dismiss (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 27, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**